Justice Kennedy
delivered the opinion of the Court.
If the parties consent, federal magistrate judges may preside over the voir dire and selection of prospective jurors in a felony criminal trial. Peretz v. United States, 501 U. S. 923, 933 (1991). This case presents the question whether it suffices for counsel alone to consent to the magistrate judge’s role in presiding over voir dire and jury selection or whether the defendant must give his or her own consent.
*244 Homero Gonzalez was charged in the United States District Court for the Southern District of Texas on five felony-drug offense counts. He is the petitioner here. At the outset of jury selection, the parties appeared before a Magistrate Judge. The Magistrate Judge asked the attorneys to approach the bench. After they complied, the Magistrate Judge said: “I need to ask the parties at this time if they are going to consent to having the United States Magistrate Judge proceed in assisting in the jury selection of this case.” App. 16. Petitioner’s counsel responded: “Yes, your Honor, we are.” Ibid. The Magistrate Judge asked if petitioner was present and if he needed an interpreter. Petitioner’s counsel answered yes to both questions. Petitioner was not asked if he consented to the Magistrate Judge’s presiding. The record does not permit us to infer this or even to infer that petitioner knew there was a right to be waived. The Magistrate Judge then supervised voir dire and jury selection. Petitioner made no objections to the Magistrate Judge’s rulings or her conduct of the proceedings. A District Judge presided at the ensuing jury trial, and the jury returned a verdict of guilty on all counts.
Petitioner appealed, contending, for the first time, that it was error not to obtain his own consent to the Magistrate Judge’s presiding at voir dire. The United States Court of Appeals for the Fifth Circuit affirmed the convictions. The court concluded petitioner could not show the error was plain and, furthermore, there was no error at all. It held the right to have an Article III judge preside over voir dire could be waived by petitioner’s counsel. 483 F. 3d 390, 394 (2007). The Courts of Appeals differ on this issue. Compare ibid, with United States v. Maragh, 174 F. 3d 1202,1206 (CA11 1999) (requiring personal and explicit consent from the defendant); see also United States v. Desir, 273 F. 3d 39, 44 (CA1 2001) (magistrate judge may conduct jury selection unless the defendant or his attorney registers an objection). *245 We granted certiorari. 551 U. S. 1192 (2007). We agree that there was no error and hold that petitioner’s counsel had foil authority to consent to the Magistrate Judge’s role.
The Federal Magistrates Act, 28 U. S. C. § 631 et seq. (2000 ed. and Supp. V), permits district courts to assign designated functions to magistrate judges. For example, magistrate judges are authorized to: issue orders concerning release or detention of persons pending trial; take acknowledgments, affidavits, and depositions; and enter sentences for petty offenses. § 636(a) (2000 ed. and Supp. V). They also may hear and determine, when designated to do so, any pretrial matter pending before the district court, with the exception of certain specified motions. Magistrate judges may also conduct hearings and propose recommendations for those motions, applications for post-trial criminal relief, and conditions of confinement petitions. § 636(b)(1) (2000 ed.). If the parties consent, they may conduct misdemeanor criminal trials and civil trials. §§ 636(a)(3) and (c)(1).
The statutory provision of direct applicability in the present case is § 636(b)(3). It states: “A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.” The general, nonspecific terms of this paragraph, preceded by text that sets out permissible duties in more precise terms, constitute a residual or general category that must not be interpreted in terms so expansive that the paragraph overshadows all that goes before.
In two earlier cases the Court considered the question of magistrate judges presiding over the jury selection process in felony trials. In Gomez v. United States, 490 U. S. 858 (1989), the District Judge delegated the task of selecting a jury to a Federal Magistrate Judge. Defense counsel objected, but the objection was overruled. The Court noted that “[a] critical limitation on [the magistrate judge’s] expanded jurisdiction is consent,” id., at 870, and held that presiding, over an objection, at the preliminary selection phase *246 of a jury trial in felony eases is not among the additional duties that a magistrate judge may assume, id., at 875-876.
In Peretz v. United States, 501 U. S. 923, the Court again considered whether a magistrate judge could preside over voir dire in a felony case. In that instance, however, defendant’s counsel, upon being asked by the District Court at a pretrial conference (with the defendant present) if there was any objection to having jury selection before a magistrate judge, responded, “T would love the opportunity.’” Id., at 925. Defense counsel later advised the Magistrate Judge that the defendant consented to the process. The Court clarified that in a felony trial neither the Act nor Article III forbids supervision of voir dire by a magistrate judge if both parties consent. Id., at 935-936.
Taken together, Gomez and Peretz mean that “the additional duties” the statute permits the magistrate judge to undertake include presiding at voir dire and jury selection provided there is consent but not if there is an objection. We now consider whether the consent can be given by counsel acting on behalf of the client but without the client’s own express consent.
At first reading it might seem that our holding here is dictated by the holding in Peretz. In Peretz, it would appear the accused was aware of the colloquy between the District Judge and defense counsel and the formal waiver before the Magistrate Judge. On this premise Peretz might be read narrowly to hold that a defendant may signal consent by failing to object; and indeed, petitioner here seeks to distinguish Peretz on this ground. Brief for Petitioner 41-42. We decide this case, however, on the assumption that the defendant did not hear, or did not understand, the waiver discussions. This addresses what, at least in petitioner’s view, Peretz did not. It should be noted that we do not have before us an instance where a defendant instructs the lawyer or advises the court in an explicit, timely way that he or she demands that a district judge preside in this preliminary phase.
*247 There are instances in federal criminal proceedings where the procedural requisites for consent are specified and a right cannot be waived except with a defendant’s own informed consent. Under Federal Rule of Criminal Procedure 11(b), for example, the district court is required, as a precondition to acceptance of a guilty plea, to inform the defendant in person of the specified rights he or she may claim in a full criminal trial and then verify that the plea is voluntary by addressing the defendant. The requirement is satisfied by a colloquy between judge and defendant, reviewing all of the rights listed in Rule 11.
Statutes may also address this subject. Under 18 U. S. C. § 3401(b), for example, a magistrate judge may preside over the whole trial and sentencing in a misdemeanor case but only with the express, personal consent of the defendant. The provision requires that the magistrate judge
“carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.”
The controlling statute in this case has a different design, however. Title 28 U. S. C. § 636(b)(3) does not state that consent to preside over felony voir dire must be granted by following a procedure of similar clarity. As a general matter, where there is a full trial there are various points in the pretrial and trial process when rights either can be asserted or waived; and there is support in our cases for concluding that some of these rights cannot be waived absent the defendant’s own consent. Whether the personal consent must *248 be explicit and on the record or can be determined from a course of conduct may be another matter, but for now it suffices to note that we have acknowledged that some rights cannot be waived by the attorney alone. See New York v. Hill, 528 U. S. 110, 114-115 (2000).
Citing some of our precedents on point, the Court in Hill gave this capsule discussion:
“What suffices for waiver depends on the nature of the right at issue. ‘[Wjhether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant’s choice must be particularly informed or voluntary, all depend on the right at stake.’ United States v. Olano, 507 U. S. 725, 733 (1993). For certain fundamental rights, the defendant must personally make an informed waiver. See, e. g., Johnson v. Zerbst,. 304 U. S. 458, 464-465 (1938) (right to counsel); Brookhart v. Janis, 384 U. S. 1, 7-8 (1966) (right to plead not guilty). For other rights, however, waiver may be effected by action of counsel. ‘Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has — and must have — full authority to manage the conduct of the trial.’ Taylor v. Illinois, 484 U. S. 400, 417-418 (1988). As to many decisions pertaining to the conduct of the trial, the defendant is ‘deemed bound by the acts of his lawyer-agent and is considered to have “notice of all facts, notice of which can be charged upon the attorney.” ’ Link v. Wabash R. Co., 370 U. S. 626, 634 (1962) (quoting Smith v. Ayer, 101 U. S. 320, 326 (1880)). Thus, decisions by counsel are generally given effect as to what arguments to pursue, see Jones v. Barnes, 463 U. S. 745, 751 (1983), what evidentiary objections to raise, see Henry v. Mississippi, 379 U. S. 443, 451 (1965), and what agreements to conclude regarding the admission of evidence, see United States v. McGill, *249 11 F. 3d 223, 226-227 (CA1 1993). Absent a demonstration of ineffectiveness, counsel’s word on such matters is the last.” Ibid.
The issue in Hill was whether the attorney, acting without indication of particular consent from his client, could waive his client’s statutory right to a speedy trial pursuant to the Interstate Agreement on Detainers. The Court held that the attorney’s statement, without any showing of the client’s explicit consent, could waive the speedy trial right: “Scheduling matters are plainly among those for which agreement by counsel generally controls.” Id., at 115.
Giving the attorney control of trial management matters is a practical necessity. “The adversary process could not function effectively if every tactical decision required client approval.” Taylor v. Illinois, 484 U. S. 400, 418 (1988). The presentation of a criminal defense can be a mystifying process even for well-informed laypersons. This is one of the reasons for the right to counsel. See Powell v. Alabama, 287 U. S. 45, 68-69 (1932); ABA Standards for Criminal Justice, Defense Function 4-5.2, Commentary, p. 202 (3d ed. 1993) (“Many of the rights of an accused, including constitutional rights, are such that only trained experts can comprehend their full significance, and an explanation to any but the most sophisticated client would be futile”). Numerous choices affecting conduct of the trial, including the objections to make, the witnesses to call, and the arguments to advance, depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for the trial. These matters can be difficult to explain to a layperson; and to require in all instances that they be approved by the client could risk compromising the efficiencies and fairness that the trial process is designed to promote. In exercising professional judgment, moreover, the attorney draws upon the expertise and experience that members of the bar should bring to the trial process. In most instances the attorney will *250 have a better understanding of the procedural choices than the client; or at least the law should so assume. See Jones v. Barnes, 463 U. S. 745, 751 (1983); see also Tollett v. Henderson, 411 U. S. 258, 267-268 (1973); cf. ABA Standards, supra, at 202 (“Every experienced advocate can recall the disconcerting experience of trying to conduct the examination of a witness or follow opposing arguments or the judge’s charge while the client ‘plucks at the attorney’s sleeve’ offering gratuitous suggestions”). To hold that every instance of waiver requires the personal consent of the client himself or herself would be impractical.
Similar to the scheduling matter in Hill, acceptance of a magistrate judge at the jury selection phase is a tactical decision that is well suited for the attorney’s own decision. Under Rule 24 of the Federal Rules of Criminal Procedure, the presiding judge has significant discretion over the structure of voir dire. The judge may ask questions of the jury pool or, as in this case, allow the attorneys for the parties to do so. Fed. Rule Crim. Proc. 24(a); App. 20. A magistrate judge’s or a district judge’s particular approach to voir dire both in substance — the questions asked — and in tone — formal or informal — may be relevant in light of the attorney’s own approach. The attorney may decide whether to accept the magistrate judge based in part on these factors. As with other tactical decisions, requiring personal, on-the-record approval from the client could necessitate a lengthy explanation the client might not understand at the moment and that might distract from more pressing matters as the attorney seeks to prepare the best defense. For these reasons we conclude that express consent by counsel suffices to permit a magistrate judge to preside over jury selection in a felony trial, pursuant to the authorization in § 636(b)(3).
Our holding is not inconsistent with reading other precedents to hold that some basic trial choices are so important that an attorney must seek the client’s consent in order to waive the right. See, e. g., Florida v. Nixon, 543 U. S. 175, *251 187 (2004) (identifying the choices “ ‘to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal’ ” as examples (quoting Jones, supra, at 751)). Petitioner argues that the decision to have a magistrate judge rather than an Article III judge preside at jury selection is a fundamental choice, cf. Hill, 528 U. S., at 114, or, at least, raises a question of constitutional significance so that we should interpret the Act to require an explicit personal statement of consent before the magistrate judge can proceed with jury selection.
We conclude otherwise. Under the avoidance canon, “when ‘a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter.’” Harris v. United States, 536 U. S. 545, 555 (2002) (quoting United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U. S. 366, 408 (1909)). The canon, however, does not apply unless there are “serious concerns about the statute’s constitutionality.” Harris, supra, at 555; see also Reno v. Flores, 507 U. S. 292, 314, n. 9 (1993).
Those concerns are not present here. Petitioner concedes that a magistrate judge is capable of competent and impartial performance of the judicial tasks involved in jury examination and selection. Reply Brief for Petitioner 12-13; see also Peretz, 501 U. S., at 935 (“The Act evinces a congressional belief that magistrates are well qualified to handle matters of similar importance to jury selection”). The Act contains some features to ensure impartiality. See, e. g., 28 U. S. C. §§ 631(i) (establishing requirements for removal), 632 (limiting concurrent employment), 634(b) (providing salary protection during the term). And “ ‘the district judge — insulated by life tenure and irreducible salary — is waiting in the wings, fully able to correct errors.’” Peretz, supra, at 938 (quoting United States v. Raddatz, 447 U. S. 667, 686 (1980) (Blackmun, J., concurring)). Here petitioner made no objections to the rulings by the Magistrate Judge. Had ob *252 jections been made, nothing in the record or the rules indicates that the District Judge could not have ruled on the issues, all with no delay or prejudice to any trial that had commenced. See Peretz, supra, at 935, n. 12, 939. These factors support our determination that consent of counsel suffices to allow a magistrate judge to supervise voir dire. This is not a case where the magistrate judge is asked to preside or make determinations after the trial has commenced and it is arguably difficult or disruptive for a district judge to review any objections that might have been made to the magistrate judge’s rulings.
Petitioner notes that Peretz considered supervision over entire civil and misdemeanor trials comparable to presiding over voir dire at a felony trial. 501 U. S., at 933. It follows, he argues, that § 636(b)(3) must require, as does 18 U. S. C. § 3401(b), express personal consent by the defendant before a magistrate judge may preside over voir dire. But it is not obvious that Congress would have thought these matters required the same form of consent. Aside from the fact that the statutory text is different, there are relevant differences between presiding over a full trial and presiding over voir dire. Were petitioner correct, one would think the Act would require at least the same form of consent to authorize a magistrate judge to preside over either a civil or a misdemeanor trial (which Peretz also deemed to be of comparable importance). Our interpretation of the Act indicates otherwise. Compare § 3401(b) with Roell v. Withrow, 538 U. S. 580, 590 (2003) (concluding that parties may authorize a full-time magistrate judge to preside over a civil trial via implied consent).
Petitioner argues that our view of the issue should be informed by Gomez’s conclusion that having a magistrate judge during jury selection without consent is structural error, not subject to harmless-error review. See 490 U. S., at 876. The exemption of certain errors from harmless- *253 error review “recognizes that some errors necessarily render a trial fundamentally unfair.” Rose v. Clark, 478 U. S. 570, 577 (1986); see also id., at 577-578. In petitioner’s view, Gomez establishes that the issue in this case is of sufficient gravity or concern that personal consent must be required.
The Court held in Gomez that imposition of a magistrate judge over objection was structural error, violating the basic right to a trial conducted at all critical stages by a judicial officer with appropriate jurisdiction. 490 U. S., at 876. It does not follow, however, that this structural aspect requires an insistence on personal consent. Here, jurisdiction turns on consent; and for the reasons discussed above an attorney, acting on the client’s behalf, can make an informed decision to allow the magistrate judge to exercise the jurisdiction Congress permits.
Although a criminal defendant may demand that an Article III judge preside over the selection of a jury, the choice to do so reflects considerations more significant to the realm of the attorney than to the accused. Requiring the defendant to consent to a magistrate judge only by way of an on-the-record personal statement is not dictated by precedent and would burden the trial process, with little added protection for the defendant.
Pursuant to 28 U. S. C. § 636(b)(3) a magistrate judge may preside over jury examination and jury selection only if the parties, or the attorneys for the parties, consent. Consent from an attorney will suffice. We do not have before us, and we do not address, an instance where the attorney states consent but the party by express and timely objection seeks to override his or her counsel. We need not decide, moreover, if consent may be inferred from a failure by a party and his or her attorney to object to the presiding by a magistrate judge. These issues are not presented here.
The judgment of the Court of Appeals is affirmed.

R is so ordered.