**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10421 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00396-JCM-LRL-1 |
| v. | |
| EZRA HALLOCK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 12, 2011**
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and ALBRITTON, Senior
District Judge.***

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable William H. Albritton, III, Senior District Judge for the U.S. District Court for Middle Alabama, sitting by designation.

Defendant Ezra Hallock was convicted of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Hallock appeals the district court's denial of his motion to dismiss the indictment on speedy trial grounds and alleges four other errors: (1) prosecutorial misconduct; (2) admission of suppressed evidence; (3) ineffective assistance of counsel; and (4) improper admission of expert testimony as lay opinion testimony. Because the history and facts of the case are familiar to the parties, we need not recount them here.

We affirm the district court's denial of Hallock's speedy trial motion. Contrary to Hallock's argument, scheduling matters, including the need for a continuance, are an attorney's prerogative and may be decided without client approval. *Gonzalez v. United States*, 553 U.S. 242, 249 (2008); *New York v. Hill*, 528 U.S. 110, 115 (2000). Additionally, the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, permits a court to grant a continuance "at the request of the defendant *or* his counsel," suggesting the defendant's express consent is not required before one can be granted. *Id.* § 3161(h)(7)(A) (emphasis added). Finally, Hallock did not voice any contemporaneous objection to the continuances about which he now complains. *See United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997). Because Hallock's STA rights were not violated, we presume that his trial

2

complied with the Sixth Amendment's speedy trial requirements, *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995), and Hallock has not rebutted that presumption.

Hallock also argues that the Government committed prosecutorial misconduct during its closing argument by mentioning suppressed statements testified to by Agent Hodgdon during defense cross-examination. Where, as here, the "defendant fails to object to alleged prosecutorial misconduct, the court reviews for plain error." *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011). "To obtain a reversal based on prosecutorial misconduct, [a defendant] must establish both misconduct and prejudice." *United States v. Wright*, 625 F.3d 583, 609–10 (9th Cir. 2010).

Hallock has failed to establish misconduct. The district court neither struck Agent Hodgdon's disputed testimony from the record nor admonished the Government concerning its use. Accordingly, during its closing argument, the Government did nothing more than refer to evidence in the record, which is not misconduct. *Tucker*, 641 F.3d at 1120 ("Prosecutors can argue reasonable inferences based on the record and have considerable leeway to strike hard blows based on the evidence and all reasonable inferences from the evidence." (internal quotation marks and citations omitted)).

We also reject Hallock's claim that the district court erred by admitting Agent Hodgdon's testimony into evidence. Because Hallock did not object at trial, we review for plain error. *United States v. Sioux*, 362 F.3d 1241, 1244 n.5 (9th Cir. 2004). The admission of Agent Hodgdon's testimony was not plainly erroneous because defense counsel asked questions that Agent Hodgdon could not truthfully answer without referring to Hallock's suppressed statements. *See United States v. Beltran-Rios*, 878 F.2d 1208, 1212 (9th Cir. 1989) ("We previously have allowed the Government to introduce otherwise excludable testimony when the defendant 'opens the door' by introducing potentially misleading testimony.").

Hallock further argues that attorney Donald Green provided ineffective assistance of counsel by failing to timely file a motion to suppress the search warrant issued for Hallock's home. To prevail on an ineffective assistance claim, a defendant must show deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "Ineffective assistance claims . . . are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (internal quotation marks omitted). We find that Hallock's claim is best left for

4

collateral review, as the record is not sufficiently developed to permit determination of the issue.

Finally, Hallock contends that the district court erred by admitting Agent Bujdoso's testimony as lay, rather than expert, opinion testimony. Even if we assume that the district court erred, that error was harmless because we can "discern from the record that [Agent Bujdoso] could have been qualified as an expert under Federal Rule of Evidence 702." *United States v. Mendoza*, 244 F.3d 1037, 1046 (9th Cir. 2001). Agent Bujdoso spent thousands of hours studying Google Hello and became intimately familiar the program's workings and investigatory uses. He also taught other law enforcement officials how to use Google Hello, and Google would even refer other investigators with questions about Google Hello to Agent Bujdoso.

**The district court's denial of Hallock's speedy trial motion and Hallock's conviction are AFFIRMED**.