NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NESTOR GABRIEL PORTILLO-
HENRIQUEZ,

Defendant-Appellant.

No.   16-10414

D.C. No.
4:15-cr-02319-CKJ-LCK-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted February 16, 2018
San Francisco, California

Before:  SCHROEDER, TORRUELLA,** and RAWLINSON, Circuit Judges.

On December 2, 2015, Border Patrol agents arrested defendant-appellant

Nestor Gabriel Portillo-Henriquez ("Portillo-Henriquez") in the Arizona desert upon

suspicion that he was transporting marijuana from Mexico to the United States.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Juan R. Torruella, United States Circuit Judge for the
First Circuit, sitting by designation.

After a trial, Portillo-Henriquez was convicted of possession with intent to distribute and conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Portillo-Henriquez appeals his convictions on two grounds, which we address in turn. We affirm.

**1.** Portillo-Henriquez first argues that it was plain error for a magistrate judge to conduct voir dire at his trial without his express consent. Neither defense counsel nor the government objected to the magistrate judge conducting the proceedings during trial. When a defendant raises an issue on appeal that was not raised before the district court, we review only for plain error. *See* Federal Rule of Criminal Procedure 52(b); *United States v. Olano*, 507 U.S. 725, 730-37 (1993); *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). We find no plain error here.

Portillo-Henriquez fails to carry his burden. Supreme Court precedent on this issue makes clear that a magistrate judge has the authority to conduct voir dire proceedings under 28 U.S.C. § 636(b)(3) if designated by a district judge and if express consent is given by the defendant. *United States v. Gonzalez*, 553 U.S. 242, 250 (2008). The Supreme Court, though, has left open the question of whether "consent may be inferred from a failure by a party and his or her attorney to object to the presiding by a magistrate judge." *Id.*, 553 U.S. at 253.

In the absence of binding Supreme Court or Ninth Circuit precedent on this matter, we conclude that even if there were error, it was certainly not plain. *See*

16-10414

*United States v. Thompson*, 82 F.3d 849, 856 (9th Cir. 1996) (noting that error cannot be plain when there is no controlling Supreme Court or Ninth Circuit precedent and the other circuits are split).

Therefore, Portillo-Henriquez has not demonstrated that the district court plainly erred in taking his failure to object to the magistrate judge conducting voir dire as implied consent.

**2.** Portillo-Henriquez next argues that the district court abused its discretion by instructing a witness to answer a juror's question when the witness appeared reluctant to do so. He contends that under the circumstances, the witness felt compelled to oblige, and that the jury would interpret the instruction as an indication of the judge's bias. However, his argument ignores the context of the questioning and overlooks the procedural protections that were in place. First, both defense counsel and the government agreed that jury questions would be allowed. Second, defense counsel was afforded the opportunity to re-cross examine the witness following this question, during which counsel attempted to clarify the testimony. Third, there is no evidence that the district judge having asked the question would indicate to the jury that the judge was advocating on behalf of the government. In fact, the record demonstrates that the judge read the juror question to the witness verbatim.

It is settled law that "[a] federal trial judge . . . is more than a moderator or umpire. He has the responsibility to preside in such a way as to promote a fair and

3                                                                                  16-10414

expeditious development of the facts unencumbered by irrelevancies." *United States v. Harris*, 501 F.2d 1, 10 (9th Cir. 1974) (*quoting Smith v. United States*, 305 F.2d 197, 205 (9th Cir. 1962)).  As such, a district judge has discretion to allow jurors to submit questions to witnesses. *See United States v. Huebner*, 48 F.3d 376, 382 (9th Cir. 1994) (holding that a trial court may permit jurors to submit questions for witnesses so long as the procedure for doing so is neutral and prejudice does not result from any question asked).

The district court did not abuse its discretion when it instructed the witness to respond to the juror's question.  The record shows that proper procedures were in place and, furthermore, we cannot conclude that the jury would have arrived at a different outcome absent the instruction.

**AFFIRMED**

16-10414