IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34816-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CARLOS HERNANDEZ, II, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Carlos Hernandez raises two challenges to his criminal

convictions: (1) his courtroom was closed during voir dire in violation of the right to a

public trial, and (2) he was denied the right to participate in his retained attorney's motion

for withdrawal as counsel. Both claims fail for lack of error preservation. With respect

to the first issue, Mr. Hernandez's attorney forfeited appellate review by expressly

declining to seek a new trial after being advised of the factual basis for a public trial

violation. As for the second matter, Mr. Hernandez has not made a factual showing that

his attorney's withdrawal motion could have been altered by client input. Given these

circumstances, the judgment of conviction must be affirmed.

BACKGROUND

Mr. Hernandez faced several charges in Grant County Superior Court and retained private counsel, John Crowley, to represent him. Approximately six months after being retained, Mr. Crowley moved to withdraw. His motion was filed ex parte and under seal, and was considered in camera without Mr. Hernandez's presence or the presence of opposing counsel. The substance of Mr. Crowley's motion and the in camera proceedings are not part of the record on appeal. The trial court granted Mr. Crowley's motion and allowed Mr. Hernandez time to find new counsel. Approximately one month later, after Mr. Hernandez indicated he was unable to obtain private counsel, the court appointed an attorney for him.

Mr. Hernandez's case proceeded to trial. In a side bar proceeding that occurred during voir dire, counsel for the State notified the court and Mr. Hernandez's attorney that four spectators had been refused entry into the courtroom by a deputy bailiff. The court ordered the spectators be let in. The venire was then excused to allow for further inquiry.

Once the jury venire was excused, counsel for the State explained the four spectators were family members of one of the State's prosecutors. The spectators were denied entry by a deputy bailiff, who claimed the courtroom was full. The four individuals then went to the prosecutor's office and disclosed what had happened.

A deputy prosecutor responded by coming to the courtroom and alerting the court and parties about what had transpired.

The trial court inquired of the four spectators and the deputy bailiff. The spectators indicated they did not object to being excluded from the courtroom. The bailiff indicated no additional individuals had been excluded. The court commented that the courtroom needed to be open. The parties agreed the courtroom could have accommodated the four spectators.

After developing the factual record, the court asked defense counsel if he had a motion to make. Defense counsel responded he was "not moving for a mistrial." Report of Proceedings (July 27, 2016) at 113. Counsel for the State confirmed the four spectators had each affirmed they had no objection to what had occurred. The trial court then thanked everyone and resumed the proceedings.

The jury found Mr. Hernandez guilty of all charges. After Mr. Hernandez filed his notice of appeal and opening brief, the State filed a motion in the trial court to obtain a copy of Mr. Crowley's declaration in support of his motion to withdraw so it could be designated as part of the appellate record. Mr. Hernandez opposed the State's request and the trial court denied the motion.

ANALYSIS

*Courtroom closure and the right to a public trial*

The right to a public trial is guaranteed by the state and federal constitutions. U.S. CONST. amend VI; WASH. CONST. art. I, §§ 10, 22. When a criminal defendant establishes a public trial violation on direct review, we will generally order a new trial under a theory of structural error. *State v. Wise*, 176 Wn.2d 1, 13, 288 P.3d 1113 (2012). Our analysis of public trial claims is de novo. *State v. Sublett*, 176 Wn.2d 58, 70, 292 P.3d 715 (2012).

In the present case, we need not reach the merits of Mr. Hernandez's public trial claim. Regardless of whether a public trial violation occurred, Mr. Hernandez has forfeited the right to a remedy on appeal. Mr. Hernandez and his attorney were alerted to the possibility of a public trial violation early in the proceedings, prior to the close of jury selection. When the trial court asked Mr. Hernandez's attorney if he had a motion to make as a result of the potential violation, counsel expressly stated he was not seeking a mistrial. This tactical decision by trial counsel may well have appeared advantageous at the time. Counsel may have been satisfied with the venire or concerned a delay would benefit the State. But like many trial decisions, counsel's actions had consequences. Because Mr. Hernandez's counsel explicitly refused to seek a mistrial at a time when the

trial court could have provided an efficient remedy, Mr. Hernandez is precluded from now seeking a new trial on appeal.

Mr. Hernandez argues we should review his public trial claim regardless of his attorney's conduct because an attorney cannot waive a client's right to a public trial. Mr. Hernandez points out that the constitutional right to a public trial is akin to the jury trial right. *State v. Herron*, 183 Wn.2d 737, 743-44, 356 P.3d 709 (2015); *State v. Frawley*, 181 Wn.2d 452, 461-62, 334 P.3d 1022 (2014) (plurality opinion). Just as an attorney cannot waive a client's right to a jury trial, counsel also cannot waive the right to a public trial. Any public trial waiver must be individual to the defendant and also must be knowing, voluntary, and intelligent. *Frawley*, 181 Wn.2d at 462.

The problem with Mr. Hernandez's argument is that this case does not involve a waiver of the right to a public trial. Instead, it involves forfeiture of a remedy for a violation of that right. Mr. Hernandez's attorney never purported to waive Mr. Hernandez's right to have his trial conducted in public. Counsel never asked the bailiff to exclude spectators from the courtroom. Nor did counsel condone the closure after it occurred. The alleged closure of Mr. Hernandez's proceedings was inadvertent. It was not a problem that was invited or waived. Rather than waiving Mr. Hernandez's public trial right, his attorney simply made the strategic decision not to seek a remedy.

5

Attorneys have discretion throughout trial to make tactical decisions that can have preclusive effect on appeal. *See Gonzalez v. United States*, 553 U.S. 242, 250, 128 S. Ct. 1765, 170 L. Ed. 2d 616 (2008) (Defense counsel may waive a defendant's right to have an Article III judge preside over voir dire.); *New York v. Hill*, 528 U.S. 110, 114-15, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000) (attorney can waive client's speedy trial rights). Efficient trial management and effective advocacy would be undermined if courts required client approval every time an attorney makes a strategic decision during a case. *Gonzalez*, 553 U.S. at 250; *Hill*, 528 U.S. at 114-15

An attorney's decision to decline an invitation to remedy a public trial violation is the type of tactical decision that can bar appellate review. The law is clear that an appellate attorney's decision not to raise a public trial violation has preclusive effect. *Weaver v. Massachusetts*, __ U.S.__, 137 S. Ct. 1899, 1913, 198 L. Ed. 2d 420 (2017); *In re Pers. Restraint of Serano Salinas*, 189 Wn.2d 747, 760-61, 408 P.3d 344 (2018). If an appellate attorney can forfeit a client's right to direct review by failing to seize on the opportunity presented by an appeal, so too can trial counsel forfeit the issue when counsel is presented with an appellate-like opportunity to redress a public trial violation during trial. After all, "not every public-trial violation will in fact lead to a fundamentally unfair trial." *Weaver*, 137 S. Ct. at 1911. Interests in finality and efficient use of court

resources weigh in favor of requiring a defendant to seek redress of a public trial violation at the earliest explicit opportunity. *Id*. at 1911-12.

A defendant does not, of course, lose the right to raise a public trial claim merely through silence. *Wise*, 176 Wn.2d at 15. No objection is necessary to preserve review of a public trial claim on appeal. *State v. Paumier*, 176 Wn.2d 29, 36-37, 288 P.3d 1126 (2012). But when counsel expressly declines to pursue a public trial remedy, the equities are different. In such circumstances, the defendant has already been provided sufficient opportunity to remedy a public trial violation. The hindsight and misgivings that accompany a criminal conviction are not sufficient reasons to revisit a strategic decision made during the course of trial.

An attorney's forfeiture of a public trial claim also does not prevent a defendant from seeking any possibility of redress. A defendant may still argue the attorney's conduct amounted to ineffective assistance of counsel. However, to establish ineffective assistance, the defendant would need to show not only deficient performance, but also prejudice. *Weaver*, 137 S. Ct. at 1910-11; *Serano Salinas*, 189 Wn.2d at 764-65. Automatic reversal under a theory of structural error does not apply. *Weaver*, 137 S. Ct. at 1910-11; *Serano Salinas*, 189 Wn.2d at 764-65.

Mr. Hernandez has not made a claim of ineffective assistance in this case.

Accordingly, his public trial claim is not subject to further scrutiny.

*Mr. Hernandez's right to be present during counsel's motion to withdraw*

A defendant has a constitutional right to be present during all critical stages of a

criminal proceeding. *State v. Wilson*, 141 Wn. App. 597, 603, 171 P.3d 501 (2007)

(citing *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486

(1985)). But this right is not implicated "when presence would be useless, or the benefit

but a shadow." *Snyder v. Massachusetts*, 291 U.S. 97, 106-07, 54 S. Ct. 330, 78 L. Ed.

674 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct.

1489, 12 L. Ed. 2d 653 (1964). We review de novo whether trial court proceedings

violated a defendant's constitutional right to presence. *State v. Irby*, 170 Wn.2d 874, 880,

246 P.3d 796 (2011).

A defendant's presence is not required when trial counsel is obliged to withdraw

from representation under the rules of professional conduct. *State v. Rooks*, 130 Wn.

App. 787, 799-800, 125 P.3d 192 (2005); *State v. Berrysmith*, 87 Wn. App. 268, 273-74,

944 P.2d 397 (1997). In such circumstances, the matter is purely legal and nothing a

defendant can say or do can alter the basis for withdrawal. *Rooks*, 130 Wn. App. at 798-

99.

Mr. Hernandez makes the categorical argument that, regardless of the legal basis for an attorney's motion to withdraw, a defendant must be consulted and provided the opportunity to present information that could permit continued representation. While we agree there may be some circumstances where a defendant's input can matter, this is not always true. In fact, the basis for an attorney's withdrawal motion will sometimes rest on confidential information that cannot be disclosed to the client. For example, an attorney who represents clients Smith and Jones must withdraw as counsel upon learning that client Smith wishes to become a cooperating witness in client Jones's criminal prosecution. RPC 1.7(b) & cmt. n.6. In seeking withdrawal from client Jones's case, the attorney is prohibited from disclosing client Smith's confidences. RPC 1.6(a). In such circumstances, the only way withdrawal can occur in conformance with the rules of professional conduct is through a proceeding, such as an in camera hearing, that does not involve any factual disclosures to client Jones.

Here, the record does not disclose why Mr. Crowley moved for withdrawal. This gap in the record, which is attributable to Mr. Hernandez's litigation strategy, is dispositive of Mr. Hernandez's argument on appeal. As the appellant, Mr. Hernandez "has the burden of providing an adequate record to establish error." *State v. Barry*, 183 Wn.2d 297, 317, 352 P.3d 161 (2015). Because there are at least circumstances in

9

No. 34816-4-III
*State v. Hernandez*

which an attorney will be obliged to withdraw, regardless of any input from the client,

Mr. Hernandez has not established that he is entitled to relief from his conviction.

## APPELLATE COSTS

On August 16, 2017, Mr. Hernandez filed a motion requesting that we deny costs

on appeal. He also filed a report of continued indigency. As the State has not responded

to the motion, we grant Mr. Hernandez's request to deny costs.

## CONCLUSION

The trial court's judgment and sentence is affirmed.

_____
Pennell, A.C.J.

WE CONCUR:

_____     _____
Siddoway, J.                          Fearing, J.

10