IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77795-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| OSCAR LUIS URBINA, | ) | |
| | ) | FILED: April 22, 2019 |
| Appellant. | ) | |

VERELLEN, J. — If a defendant decides to testify, his counsel may not coerce the defendant to forgo testifying. But after a defendant testifies, defense counsel can make a legitimate tactical decision not to recall the defendant to "speak to the jury" after cross-examination. Oscar Luis Urbina appeals his conviction for second degree rape. He contends defense counsel denied his right to testify in his own defense because his attorney did not recall him to the stand to give additional testimony. Because Urbina testified in his own defense and defense counsel made the reasonable tactical decision not to recall him, no error occurred.

Therefore, we affirm.

## FACTS

M.B. was raped on April 14, 2014. After going to Harborview Medical Center, a sexual assault nurse examiner took photos of her injuries and obtained a

sample of the perpetrator's DNA.[1] The police submitted the sample to a database, but it did not match any existing profile. No arrests were made, and the investigation stalled for almost two years.

In early March of 2016, Urbina raped A.R., and the police obtained a sample of his DNA after arresting him. After submitting Urbina's DNA to a database, it matched the sample taken from M.B.[2] The police investigated Urbina for the attack on M.B. They confirmed Urbina's license plate matched that of M.B.'s attacker, save for one number, and his car also matched her attacker's. The police took a new DNA sample from Urbina, which also matched M.B.'s rapist. Urbina was charged with the second degree rape of M.B.

During trial, only Urbina testified in his defense. After he testified to his innocence, defense counsel had no more questions for him, and the court told Urbina he could leave the witness stand. Urbina asked to speak directly to the jury. The court told Urbina to consult with his attorney about his prospective testimony and stopped him from speaking further. Outside the presence of the jury and after speaking with his client, defense counsel told the court he was not going to recall Urbina for additional testimony.

---

[1] Deoxyribonucleic acid.

[2] The DNA database conducts an automatic daily search comparing new samples to existing profiles and notifies users of any matches.

The jury found Urbina guilty of second degree rape. The court sentenced him to 211 months incarceration running consecutively to his sentence for raping A.R.[3]

Urbina appeals.

## ANALYSIS

Both the United States and Washington constitutions provide a criminal defendant the exclusive right to decide to testify in his own defense.[4] A defendant also has the "[a]utonomy to decide that the objective of the defense is to assert innocence."[5] Accordingly in Washington, "a defendant's right to testify is violated if 'the final decision that he would not testify was made against his will.'"[6] To prove this, a defendant must show by a preponderance of the evidence that his attorney "actually prevented him from testifying," thereby rendering ineffective assistance.[7]

We review claims of ineffective assistance of counsel de novo.[8] To prove he received ineffective assistance, a defendant must show (1) that his counsel's

---

[3] Although Urbina attacked A.R. in 2016 after attacking M.B. in 2014, he was convicted and sentenced for the second degree rape of A.R. before the start of his trial for raping M.B.

[4] McCoy v. Louisiana, ___ U.S. ___, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018); Rock v. Arkansas, 483 U.S. 44, 52, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987); State v. Robinson, 138 Wn.2d 753, 758, 982 P.2d 590 (1999).

[5] McCoy, 138 S. Ct. at 1508.

[6] Robinson, 138 Wn.2d at 763 (quoting United States v. Teague, 908 F.2d 752, 759 (11th Cir. 1990), vacated by 932 F.2d 899 (11th Cir. 1991), rev'd on reh'g on other grounds by en banc, 953 F.2d 1525 (11th Cir. 1992)).

[7] Id. at 764.

[8] State v. Lopez, 190 Wn.2d 104, 117, 410 P.3d 1117 (2018).

performance was deficient and (2) caused him prejudice.[9] In this context, a defense counsel provided ineffective assistance if she actually prevented the defendant from testifying.[10]

Here, Urbina testified. He directly asserted his innocence. He denied having sex with M.B., he denied ever having seen M.B. before the trial, and he alleged M.B. lied when she testified about him raping her. Urbina offered an alibi, explaining that he was in a late night church service with his wife when the attack occurred. But at the end of direct examination, Urbina said he had additional testimony.

> Q.    Is your assertion here today that [M.B.] is fabricating or making [it] up when she said that you assaulted her?
>
> A.    Of course. Of course. Because I have never seen the gal ever. I don't—I don't know what to add because under the—due to the advice of my lawyer, I have been asked not to talk, and so I'm not sure what else I can say. I'm following the steps as instructed by my lawyer, that I shouldn't talk, but I wanted to talk. I almost did, but I have respect [for] authority just like I respect the Bible.[11]

When defense counsel declined to redirect following cross-examination, Urbina asked to "say something . . . that is important for my defense."[12] The court told Urbina to step down from the witness stand to speak with his attorney. After speaking with Urbina, defense counsel declined to recall his client.

---

[9] Id. at 109.

[10] Robinson, 138 Wn.2d at 766.

[11] Report of Proceedings (RP) (Nov. 15, 2017) at 672.

[12] Id. at 678.

> At this point, I, as defense counsel, am not going to recall Mr. Urbina, and we have no further witnesses. The defense would rest for the record. Mr. Urbina disagrees. He wants to speak to the jury. I don't think that is supported. I'm not going to recall him.
>
> . . . .
>
> . . . [A]s his attorney, I'm making the decision on what evidence I'm choosing to put on the stand. We have gone through the court procedure and discussed potentially opening the door to the prior conviction [for raping A.R.]. There are other issues that Mr. Urbina has raised with me, but, at this point, I am going to rest.[13]

Urbina contends his opportunity to testify and profess his innocence does not satisfy his right to testify because his attorney "stripped [him] of the ability to personally decide what he wishes the jury to hear from him."[14]

But "[p]reserving for the defendant the ability to decide whether to maintain his innocence should not displace counsel's or the court's respective trial management roles."[15] It is "a practical necessity" for defense counsel to control trial management because "'[t]he adversary process could not function effectively if every tactical decision required client approval.'"[16] Tactical decisions include which arguments to advance,[17] which witnesses to call,[18] and which questions to

---

[13] Id. at 684, 685.

[14] Appellant's Br. at 5-6.

[15] McCoy, 138 S. Ct. at 1509 (citing Gonzalez v. United States, 553 U.S. 242, 249, 128 S. Ct. 1765, 170 L. Ed. 2d 616 (2008)).

[16] Gonzalez, 553 U.S. at 249 (quoting Taylor v. Illinois, 484 U.S. 400, 418, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988)).

[17] Id.

[18] Id.; accord State v. Rafay, 168 Wn. App. 734, 841, 285 P.3d 83 (2012).

ask those witnesses.[19] And, absent coercion, tactical advice from defense counsel about whether to testify "'infringes no right, but simply discharges defense counsel's ethical responsibility to the accused.'"[20]

Urbina testified to his innocence after his attorney called him to the stand. Urbina stated that his counsel advised him against giving certain testimony, and he decided to follow that advice at that time. Urbina may have regretted heeding his counsel's advice soon after doing so, but in absence of coercion, his regrets have no bearing on whether defense counsel provided ineffective assistance. After hearing Urbina's proposed testimony, defense counsel made a reasonable tactical decision not to recall his client given the risk of opening the door to damaging evidence of Urbina's recent conviction for raping A.R.[21] Urbina testified

---

[19] See In re Davis, 152 Wn.2d 647, 720, 101 P.3d 1 (2004) ("Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel.").

[20] Robinson, 138 Wn.2d at 763-64 (quoting Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993)).

[21] During the sentencing hearing, Urbina used the opportunity to discuss what he wanted to say at trial: "In the trial, I wanted to talk, and they did not give me the opportunity to do so. . . . [B]ut I would have liked to say, if I ha[d] the opportunity[,] . . . when I was accused, in March of 2016, March 7th—so, I was accused of rap[ing A.R.]. I hired this woman, and I was detained. For prostitution. She was—and she had accused me of rape. That's all. And the [trial for raping A.R.] was here in April [of 2017], so I know that he want[ed] to combine [the two rape charges into a single trial]. I didn't know where I was going. So we got there, but the detective woman and the detective man were there, who were here during the trial—I'm innocent. . . . In 2015, I have the paper, in October, so I was detained four or five days, and that occasion was . . . I had a problem, but it was not for rape. And then when I had three days being in the jail . . . she [took] the DNA from me. I don't know why. So I asked her why she was doing that because I was already there because of rap[ing A.R.]. So she told me that two numbers of my car license were involved in a [crime] and that's why they were [there]. So they took the DNA." RP (Dec. 8, 2017) at 759-60.

to his alibi defense and fails to show that defense counsel coerced or otherwise actually prevented him from testifying. He fails to establish ineffective assistance of counsel.[22]

Therefore, we affirm.

WE CONCUR:

---

at 759-60. Urbina continued in this vein by impugning the investigation into M.B.'s rape, the evidence against him, and M.B.'s credibility.

[22] We note that Urbina also argues the trial court infringed on Urbina's right to testify "[b]y accepting defense counsel's position" and not ordering defense counsel to question Urbina further. Appellant's Br. at 6. Urbina provides no support for this argument's underlying presumption that trial courts should step into defense counsel's shoes in deciding trial tactics.