# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 60087-1-II |
| JAMES WILLIAM GRANTHAM, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. — In this timely[1] personal restraint petition (PRP), James W. Grantham seeks relief from personal restraint following his resentencing for first degree murder. Grantham argues that he was denied his right to effective assistance of counsel at resentencing. Grantham also argues that he was entitled to have a jury determine whether his prior rape convictions were the same criminal conduct. We disagree and deny Grantham's PRP.

## FACTS

In 1995, a jury found Grantham guilty of first degree murder. *State v. Grantham*, No. 56885-3-II, slip op. at 1 (May 23, 2023) (unpublished) (*Grantham* I), *review denied*, 1 Wn.3d 1035 (2023).[2] Grantham was 20 years old at the time of the offense. *Id*. Grantham's criminal history included two convictions for second degree rape, one conviction for second degree possession of stolen property, and one conviction for bail jumping. *Id*. Grantham's criminal history also

---

[1] Grantham's current judgment and sentence became final on October 6, 2023. Mandate, *State v. Grantham*, No. 56885-3-II (Wash. Ct. App. Oct. 6, 2023); RCW 10.73.090(3)(b). This PRP was filed on October 4, 2024, within one year. RCW 10.73.090(1).

[2] https://www.courts.wa.gov/opinions/pdf/D2%2056885-3-II%20Unpublished%20Opinion.pdf

included a juvenile conviction for unlawful possession of a controlled substance (UPCS). *Id.* The trial court sentenced Grantham to 416 months of confinement. *Id.* at 2.

In 2022, Grantham was resentenced because his offender score included the juvenile UPCS conviction, which became invalid after *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). *Id.* Removing the juvenile UPCS conviction did not change Grantham's offender score (6) or standard sentencing range (312-416 months). *Id.* at 1-2.

In his motion for resentencing, Grantham's counsel argued for a 320-month sentence (8 months above the low end of the standard sentencing range). Grantham's counsel based the sentencing recommendation on the removal of the UPCS conviction, Grantham's youthfulness at the time of the offense, and Grantham's efforts at rehabilitation since being incarcerated. To support the motion, Grantham submitted his prison programming summary, letters of support from family and community members, and an affidavit wherein Grantham described his childhood and development.

At the sentencing hearing, Grantham's counsel reiterated the defense request for a 320-month sentence:

> Mr. Grantham has made a conscious decision not to ask for a low-end sentence in this case despite, as the Court knows, that being something I ask for quite often in these sorts of proceedings because he recognizes that after what is fast approaching 30 years institutionalized in one form or another, he will need more time, even if the Court is inclined to grant him a reduction today, to prepare for re-entry as that hasn't been something that's been realistic for a long period of time for him, obviously.

Br. of Resp't, App. at 250.

During his allocution, Grantham endorsed his counsel's sentencing request and stated that both *Blake* and consideration of his youth supported imposing the requested 320-month sentence:

2

> While the sentence I ask for today qualifies as *Blake* relief itself, consideration of my youth, youthful effects at the time I committed this crime supports imposing a sentence. *I do not seek a resentence of the low end of the standard range, which is 312 months*. That is to say, I am ready for release, but I feel a transitional period is best in my situation. So *I ask the Court to exercise its independent judgment to consider my youth at this Blake hearing and resentence me to a term of 320 months*.

Br. of Resp't, App. at 262 (emphasis added).

The superior court determined that a 12-month reduction in Grantham's sentence was appropriate because Grantham had taken responsibility for his crime and put significant effort into his rehabilitation. The superior court imposed a sentence of 404 months. *Grantham* I, slip op. at 2.

Grantham appealed his sentence, arguing that the superior court failed to meaningfully consider his youth at resentencing and relying on our Supreme Court's decisions in *Monschke*[3] and *O'Dell*.[4] *Id*. at 3. In that appeal, we held that neither *Monschke* nor *O'Dell* were relevant to Grantham's case and, "[t]herefore, nothing in these cases compels the conclusion that the superior court abused its discretion" during Grantham's resentencing. *Id*. at 4. We affirmed Grantham's sentence. *Id*. at 6.

Grantham then filed this PRP.

ANALYSIS

In his PRP, Grantham argues that his Sixth Amendment rights were violated at resentencing. He also argues that he was entitled to have a jury determine whether his prior rape convictions were the same criminal conduct. We disagree.

---

[3] *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021).

[4] *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015).

A.       PRP PRINCIPLES

A PRP is a mechanism used to seek relief from unlawful restraint. RAP 16.4(a)-(c). We may grant or deny a PRP, or we may remand to the superior court for a reference hearing. *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015).

Because collateral relief is an extraordinary remedy that seeks to disturb a final judgment, a petitioner must meet a high standard to obtain relief. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022). To obtain relief in a PRP, the petitioner must establish, by a preponderance of the evidence, either a constitutional error that has resulted in actual and substantial prejudice or a nonconstitutional error that constitutes a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016), *review denied*, 188 Wn.2d 1008 (2017). "Factual evidence, rather than conclusory allegations, must be offered in support of a PRP." *In re Pers. Restraint of Williams*, 198 Wn.2d 342, 352, 496 P.3d 289 (2021); RAP 16.7(a)(2)(i).

B.       SIXTH AMENDMENT ISSUES

Grantham argues that a structural error occurred because counsel deprived him of his right to autonomy in determining the objectives of his resentencing. Grantham also argues that counsel's performance was deficient for failing to request an exceptional sentence downward.

1.       Right to Autonomy

Grantham relies on *McCoy v. Louisiana*, 584 U.S. 414, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018), to argue that his Sixth Amendment right to autonomy was violated when his counsel failed to request an exceptional sentence downward. Specifically, Grantham states that his objective at resentencing was to have the resentencing court meaningfully consider the mitigating qualities of his youthfulness at the time of his offenses. Therefore, according to Grantham, counsel violated

Grantham's right to autonomy by failing to request an exceptional sentence downward, which would have required the resentencing court to meaningfully consider the mitigating qualities of youth. We disagree.

In *McCoy*, a capital murder case, "the defendant vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt." 584 U.S. at 417. Despite the defendant's numerous objections, trial counsel conceded guilt during the guilt phase of the trial based on the belief that the concession was the best way to avoid a death sentence. *Id*. at 419-20. The United States Supreme Court reversed, holding "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experience-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id*. at 417.

The Court explained the Sixth Amendment required that defendants maintain autonomy over certain decisions such as "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forego an appeal." *Id*. at 422. This right to autonomy includes the right "to decide that the objective of the defense is to assert innocence." *Id*. Violation of a defendant's right to autonomy is a structural error that requires reversal. *Id*. at 426-27.

However, the defendant's right to autonomy did not change the principle that "[t]rial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" *Id*. at 422 (quoting *Gonzalez v. United States*, 553 U.S. 242, 248, 128 S. Ct. 1765, 170 L. Ed. 2d 616 (2008)). Moreover, the Court distinguished *McCoy* from *Florida v. Nixon*,[5] where the defendant did not assert any objection to counsel's

---

[5] *Florida v. Nixon*, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004).

strategy. *Id*. at 424. Thus, in order to prevail on a claim that defense counsel violated the defendant's right to autonomy, the defendant must show that counsel overrode the defendant's objective by disregarding the defendant's asserted objections to counsel's strategy. *Id*. at 424-25; *see also State v. Molina*, 16 Wn. App. 2d 908, 917-18, 485 P.3d 963, *review denied*, 198 Wn.2d 1008 (2021).

Here, there is nothing in the record that shows Grantham expressed any objection to defense counsel's sentencing strategy or sentencing request.[6] At sentencing, Grantham expressly agreed with counsel and requested the same standard range sentence that his counsel had argued for. And, although Grantham submitted a declaration that his objective was to have the mitigating qualities of youth meaningfully considered at his sentencing, there is no evidence that he actually expressed any objection to defense counsel's sentencing request or strategy. Therefore, *McCoy* is inapplicable because Grantham has failed to show that counsel overrode Grantham's sentencing objective by disregarding Grantham's asserted objections to counsel's sentencing strategy.

---

[6] In addition to the fact that Grantham fails to demonstrate, or address, his lack of objection to counsel's sentencing strategy, Grantham arguably has not shown that his right to autonomy was even implicated in this case. First, "having the mitigating factors of youth meaningfully considered" does not appear to be a litigation objective; it is not a specific outcome but rather a mechanism for achieving an objective—a means, as the State points out. Second, even if "having the mitigating qualities of youth meaningfully considered" was an objective, it does not appear to fall within the scope of decisions that are protected by the Sixth Amendment right to autonomy.

*McCoy* is clear that the Sixth Amendment does not protect the defendant's right to make every decision in their case and specifically identifies whether to plead guilty (including whether to concede guilt), waiving the right to a jury trial, testifying, and waiving the right to appeal as decisions that are protected by the Sixth Amendment right to autonomy. Grantham has not cited to any cases in the 7 years since *McCoy* was decided that extended the ruling in *McCoy* to other decisions that a defendant may make related to trial or sentencing. Further, Grantham makes no argument that *McCoy* should be extended; instead Grantham assumes that "having the mitigating qualities of youth meaningfully considered" is an objective protected by the Sixth Amendment right to autonomy and focuses his argument on how his right to autonomy was violated.

2.     Ineffective Assistance of Counsel

Both the United States Constitution and the Washington Constitution guarantee the right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. In the context of a PRP alleging ineffective assistance of counsel, a petitioner who demonstrates ineffective assistance of counsel necessarily shows actual and substantial prejudice. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 843, 280 P.3d 1102 (2012).

To prevail on an ineffective assistance of counsel claim, the petitioner must show (1) that counsel's performance was deficient and (2) the deficient performance resulted in prejudice. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). An ineffective assistance of counsel claim fails if the petitioner fails to satisfy either prong of the inquiry. *Crace*, 174 Wn.2d at 847 (A petitioner must satisfy both prongs of the ineffective assistance of counsel test.). We need not consider both prongs if the petitioner fails to satisfy one. *Id*.

To show prejudice, the petitioner must demonstrate that "'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" *Bertrand*, 3 Wn.3d at 129 (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). Here, Grantham cannot show a reasonable probability that the outcome of his resentencing would have been different if his counsel had requested an exceptional sentence downward.

A defendant's youthfulness at the time of the crime is a recognized non-statutory mitigating factor that can justify the imposition of a sentence below the standard sentencing range. *O'Dell*, 183 Wn.2d at 689. And even in the absence of a defendant's request for a downward departure, a sentencing court is free to take into consideration any mitigating factors that might warrant a sentence at the low end of the sentencing range, including a defendant's youthfulness at the time

7

of the crime. *See State v. Nevarez*, 24 Wn. App. 2d 56, 61, 519 P.3d 252 (2022), *review denied*, 1 Wn.3d 1005 (2023) (trial courts are permitted to consider youth as a mitigating factor when imposing a standard range adult sentence but are not required to do so); *O'Dell*, 183 Wn.2d at 696.[7]

Grantham claims that "[i]f sentencing counsel had requested an exceptionally lenient sentence . . . not only would the sentencing judge have been required to consider that request, but there is a reasonable probability that the court would have imposed such a sentence in light of the uncontested facts set forth by Grantham." PRP at 14. However, Grantham provides no support for this conclusory assertion.

At resentencing, Grantham presented evidence related to his youth, his upbringing, and his efforts at rehabilitation to support his argument for a low-end standard range sentence. However, after reviewing Grantham's evidence, the superior court determined that only a 12-month reduction in the original sentence was appropriate. Because the superior court declined to impose a low-end standard range sentence, or even the 320-month sentence that Grantham requested (which was a request for a mid-range sentence), there is nothing in the record to support the bald contention that a request for an exceptional sentence below the standard sentencing range would

---

[7] To the extent Grantham suggests, based on this court's opinion in *Grantham* I, that the superior court would only have considered youth as a mitigating factor if defense counsel had requested an exceptional sentence downward, Grantham misconstrues this court's holding. In *Grantham* I, we did not hold that a trial court may consider youth as a mitigating factor only if an exceptional downward sentence is requested nor did we prescribe any particular type of consideration *if* such a request is made. Rather, in the face of Grantham's desire for the level of consideration addressed in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), we merely held that "because Grantham was not receiving a mandatory life without parole (LWOP) sentence and did not seek a mitigated sentence below the standard range, the authorities cited by Grantham did not require the superior court to undertake the type of consideration Grantham demands." *Grantham* I, slip op. at 3.

have persuaded the superior court to impose a sentence below the standard sentencing range. *See In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 604-05, 520 P.3d 939 (2022) (Petitioner failed to establish prejudice when the court was presented with evidence regarding the mitigating qualities of youth and the court did not impose the lowest standard range sentence.); *see also In re Pers. Restraint of Ali*, 196 Wn.2d 220, 243, 474 P.3d 507 (2020) (Petitioner established prejudice by showing that evidence establishing mitigating qualities of youth was presented to the sentencing judge and the sentencing judge imposed the lowest sentence it believed was available.), *cert. denied*, 141 S. Ct. 1754 (2021).

Grantham has failed to establish a reasonable probability that the outcome of his resentencing would have been different if defense counsel had requested an exceptional sentence below the standard sentencing range. Accordingly, Grantham's ineffective assistance of counsel claim fails.

## C. SAME CRIMINAL CONDUCT DETERMINATION

Grantham argues that *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024), requires a jury to determine whether prior convictions are the same criminal conduct. However, the holding of *Erlinger* is limited to the specific "different occasions" inquiry at issue under the federal Armed Career Criminal Act. *State v. Frieday*, 33 Wn. App. 2d 719, 746-47, 565 P.3d 139, *review denied*, ___ P.3d ___ (2025); *State v. Anderson*, 31 Wn. App. 2d 668, 681, 552 P.3d 803, *review denied*, 3 Wn.3d 1034 (2024). Therefore, *Erlinger* is inapplicable to a same criminal conduct determination.

To the extent that Grantham argues that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the alleged error related to the same criminal conduct determination on appeal, this claim also fails. PRP at 14. To prevail on a claim of

ineffective assistance of appellate counsel, a petitioner "'must show that the legal issue which appellate counsel failed to raise had merit and that they were actually prejudiced by the failure to raise or adequately raise the issue.'" *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 787, 100 P.3d 279 (2009) (quoting *In re Pers. Restraint of Maxfield*, 133 Wn.2d 332, 344, 945 P.2d 196 (1997)). Because *Erlinger* is inapplicable to same criminal conduct determinations, Grantham cannot show that the legal issue had merit or that he was actually prejudiced by appellate counsel's failure to raise it. Accordingly, to the extent it is argued, Grantham's ineffective assistance of appellate counsel claim also fails.

Grantham has failed to meet his burden of showing that he is entitled to relief in this PRP. Accordingly, we deny Grantham's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Price, J.