IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36016-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALBERT B. HICKMAN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A jury convicted Albert Hickman of unlawfully possessing

controlled substances. We affirm Mr. Hickman's conviction, but order criminal filing

and DNA[1] collection fees be struck from Mr. Hickman's judgment and sentence.

## FACTS

A police officer detained Mr. Hickman after he was observed operating his bicycle

in an erratic fashion and discarding a glass pipe. During Mr. Hickman's detention, the

officer saw Mr. Hickman smash a second glass pipe.[2] The officer also learned of a

warrant for Mr. Hickman's arrest. Mr. Hickman was arrested and made a post-*Miranda*[3]

statement, admitting he had kept and used the pipes to smoke methamphetamine.

---

[1] Deoxyribonucleic acid.
[2] The second pipe shattered into pieces so small that the officer was unable to recover the shards.
[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

A forensic examination of the pipe confirmed the presence of methamphetamine.

The State charged Mr. Hickman with one count of unlawful possession of a controlled substance. Prior to trial, the trial court granted Mr. Hickman's motion to exclude information related to "previous police contact[s]." Clerk's Papers at 20.

At trial, the State called the arresting officer as a witness. The officer explained he arrested Mr. Hickman because he had an outstanding warrant.

> Q: Okay. At some point you put him under arrest?
> A: Yes, at some point I did.
> Q: And did he agree to speak with you?
> A: Yes. After the return came back I found he had a warrant for his arrest as well, and I read him his *Miranda* rights and he agreed to speak to me waiving his rights.

Report of Proceedings (RP) (Apr. 23, 2018) at 100. Defense counsel did not object to this testimony or request a mistrial. On cross-examination, defense counsel pointed out that the officer had confused part of his testimony regarding Mr. Hickman's destruction of the pipes. The officer admitted his earlier testimony had mistakenly switched his description of the manner in which Mr. Hickman had destroyed the pipes.[4]

---

[4] On direct examination, the officer described the destruction of the second pipe as being "[thrown] violently on the ground." RP (Apr. 23, 2018) at 99. On cross-examination, defense counsel pointed out that his incident report used the word "violently" to describe the destruction of the first pipe, not the second one. *Id.* at 113-14.

Mr. Hickman's attorney capitalized on the officer's mix-up during closing argument, using it to cast doubt on the officer's memory.

The jury convicted Mr. Hickman as charged and the court imposed a sentence of 45 days' confinement. Included in the judgment and sentence are a $200 criminal filing fee and $100 DNA collection fee. Mr. Hickman appeals.

ANALYSIS

Mr. Hickman alleges that his attorney provided ineffective assistance of counsel when she failed to move for a mistrial after the law enforcement officer allegedly violated the court's in limine ruling by mentioning he arrested Mr. Hickman on an outstanding warrant. To succeed on an ineffective assistance claim, the defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Mr. Hickman has not made a threshold showing of deficient performance. First, there was no obvious violation of the trial court's in limine ruling. The officer testified there was a warrant for Mr. Hickman's arrest, but there was no mention of what the warrant was for. A warrant is not necessarily issued as a result of police contact. And even where this is so, testimony about a warrant (which is issued outside the defendant's presence) is not the same as testimony about a defendant's prior interactions with police.

3

Second, trial counsel's decision not to seek a mistrial was reasonably strategic. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009) (Counsel's conduct is not deficient if it "can be characterized as legitimate trial strategy or tactics."). The officer who testified about Mr. Hickman's warrant also admitted to mixing up a detail about Mr. Hickman's pre-arrest conduct. This confusion gave defense counsel a basis for questioning the reliability of the officer's testimony. It is doubtful that the officer's confusion would have persisted into a second trial had defense counsel successfully moved for a mistrial. Given the strength of the State's case, it was reasonably strategic for defense counsel to theorize that Mr. Hickman's first trial presented his best chance for acquittal. *See State v. Hernandez*, 6 Wn. App. 2d 422, 427-28, 431 P.3d 126 (2018), *review denied*, 193 Wn.2d 1003, 438 P.3d 129 (2019) (attorney's choice not to seek mistrial was strategic).

In addition to challenging his conviction, Mr. Hickman cites recent changes to Washington's legal financial obligation statutes and requests we strike the $200 criminal filing fee and $100 DNA collection fee from his judgment and sentence. The State agrees with this request. We accept the State's concession and direct that the $200 filing fee and $100 DNA fee be struck.

4

No. 36016-4-III
*State v. Hickman*


CONCLUSION

Mr. Hickman's conviction is affirmed.  This matter is remanded to the trial court

with instructions to strike the $200 criminal filing fee and $100 DNA collection fee from

Mr. Hickman's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.


WE CONCUR:


_____        _____
Lawrence-Berrey, C.J.                   Fearing, J.


5