2007 WY 41

**Robert A. SCOTT, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 05–288.**

Supreme Court of Wyoming.

March 13, 2007.

Rehearing Denied April 3, 2007.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Betsy A. Bernfeld, Student Intern. Argument by Ms. Bernfeld.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehu-rek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and James Michael Causey, Assistant Attorney General. Argument by Mr. Causey.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Robert Scott (the appellant) entered a conditional guilty plea on two counts of aggravated assault, felonies, in violation of Wyo. Stat. Ann. § 6–2–502(a)(ii) (LexisNexis 2005). On appeal, he argues that he was denied a speedy trial in violation of W.R.Cr.P. 48. We affirm.

### ISSUE

[¶ 2] Whether the State failed to provide the appellant with a speedy trial because more than 180 days passed between his arraignment on November 5, 2004, and his guilty plea on June 10, 2005.

### FACTS

[¶ 3] The appellant pled guilty to two counts of aggravated assault arising out of an altercation at a party on October 9, 2004, wherein he stabbed two people with a knife. He was arraigned on November 5, 2004, and entered a plea of not guilty by reason of mental illness or deficiency. Thereafter, the appellant filed a motion to suspend proceedings and for evaluation of his mental illness, which motion was granted by the district court on November 9, 2004. On November 10, the appellant filed a motion to withdraw his previous motion to suspend the proceedings. Five days later, he filed another motion seeking a setting for a re-arraignment to change his plea from not guilty by reason of mental illness or deficiency to "straight not guilty."

[¶ 4] The appellant's second arraignment occurred on December 3, 2004, at which time he entered a plea of not guilty. The district court initially set the appellant's trial for February 7, 2005. The trial was continued twice [1] until it was again scheduled to com-

---

1. It appears that the appellant's case was part of a trial stack on February 7, 2005, and other cases

mence on May 16, 2005. Prior to the May 16 trial date, however, the appellant filed a motion for continuance stating that "[d]ue to conflict concerns, the Public Defender's Office has not been able to reassign this Defendant to new counsel...." Finally, the district court scheduled the appellant's trial to commence on June 13, 2005.

[¶ 5] Throughout the appellant's pretrial period he filed various motions demanding a speedy trial and seeking to enforce that right. On June 8, 2005, the appellant filed a motion to dismiss on that basis and the district court held a hearing on the motion on June 10, 2005. While the transcript on that hearing is incomplete, both parties agree that the motion was obviously denied because later that day the appellant conditionally pled guilty, preserving his right to appeal on the speedy trial issue, which appeal is now before us.[2]

## DISCUSSION

▬▬▬ [¶ 6] "We review speedy trial claims to ensure that the mandates of W.R.Cr.P. 48 and constitutional guarantees have been met." *Berry v. State,* 2004 WY 81, ¶ 17, 93 P.3d 222, 227 (Wyo.2004). In the instant case, the appellant only asserted that his procedural rights under W.R.Cr.P. 48(b) have been violated and he did not attempt to separately argue that his Sixth Amendment right to a speedy trial was violated under the four factor test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Therefore, we will restrict our review to Rule 48(b).

[¶ 7] W.R.Cr.P. 48 states:

(b) *Speedy trial.—*

(1) It is the responsibility of the court, counsel and the defendant to insure that the defendant is timely tried.

(2) A criminal charge shall be brought to trial within 180 days following arraignment unless continued as provided in this rule.

(3) The following periods shall be excluded in computing the time for trial:

(A) All proceedings related to the mental illness or deficiency of the defendant;

(B) Proceedings on another charge;

(C) The time between the dismissal and the refiling of the same charge; and

(D) Delay occasioned by defendant's change of counsel or application therefor.

(4) Continuances exceeding 180 days from the date of arraignment may be granted by the trial court as follows:

(A) On motion of defendant supported by affidavit; or

(B) On motion of the attorney for the state or the court if:

(i) The defendant expressly consents;

(ii) The state's evidence is unavailable and the prosecution has exercised due diligence; or

(iii) Required in the due administration of justice and the defendant will not be substantially prejudiced; and

(C) If a continuance is proposed by the state or the court, the defendant shall be notified. If the defendant objects, the defendant must show in writing how the delay may prejudice the defense.

(5) Any criminal case not tried or continued as provided in this rule shall be dismissed 180 days after arraignment.

(6) If the defendant is unavailable for any proceeding at which the defendant's presence is required, the case may be continued for a reasonable time by the trial court but for no more than 180 days after the defendant is available or the case further continued as provided in this rule.

took precedence on that day. His trial was, therefore, continued until April 11, 2005. On April 1, 2005, the State filed a "Stipulated Motion for Continuance" which alleged that both parties required additional time to prepare for trial. The district court subsequently reset the appellant's trial to occur on May 16, 2005.

2. The transcript of the appellant's change of plea hearing is dated June 17, 2005; however, the appellant admits that the actual date of the hearing was June 10 and an affidavit of the court reporter who transcribed the hearing is contained in the record, which affidavit confirms the June 10 date.

 

(7) A dismissal for lack of a speedy trial under this rule shall not bar the state from again prosecuting the defendant for the same offense unless the defendant made a written demand for a speedy trial or can demonstrate prejudice from the delay.

[¶ 8] The appellant correctly computes that 217 days passed between his first arraignment on November 5, 2004, and his conditional guilty plea on June 10, 2005. The appellant is further correct that May 4, 2005 was 180 days from November 5, 2004. The appellant's speedy trial argument must fail, however, because of two admissions made by the appellant in his brief. First, the appellant admits that ten days must be tolled on the speedy trial clock because the appellant initially pled guilty by reason of mental illness or defect according to W.R.Cr.P. 48(b)(3)(A), therefore the 180 day speedy trial clock lapsed on May 14, 2005. Next, the appellant acknowledges that the delay from May 16 until his guilty plea on June 10 was due to a change of his counsel, which delay tolled the computation of time under W.R.Cr.P. 48(b)(3)(D); however, the appellant argues that we need not consider this delay because it occurred after he had already been denied his procedural right to a speedy trial on May 14.

[¶ 9] In *Sisneros v. State*, 2005 WY 139, ¶¶ 12–15, 121 P.3d 790, 796 (Wyo.2005), we held that a speedy trial clock cannot lapse on a weekend or holiday and, where the 180th day falls on a Saturday, Sunday, or legal holiday, W.R.Cr.P. 45(a)[3] applies and the State has until the following business day to bring an appellant to trial or dismiss the case. In the instant case, May 14, 2005 fell on a Saturday, therefore, the State had until the following Monday, May 16, to bring the appellant to trial. As admitted by the appellant, however, he required a continuance of the May 16 trial date in order to change counsel and that continuance tolled the time under Rule 48. Due to this continuance, his trial was reset to begin on June 13; however,

he lost his motion to dismiss on June 10 and he pled guilty later that day.

[¶ 10] The appellant's admissions clearly indicate that no speedy trial violation occurred under W.R.Cr.P. 48, therefore we need not address the State's arguments on appeal that even more time should be tolled. The State did not deny his procedural right to a speedy trial because, based on the appellant's own argument, the clock lapsed on a Saturday and under W.R.Cr.P. 45(a) and our holding in *Sisneros*, the final day to bring him to trial fell on the following Monday, May 16. The appellant further admits that he required a continuance on the May 16 trial date and he pled guilty before the date on which the trial was reset.

[¶ 11] Affirmed.

---

**3.** W.R.Cr.P. 45(a) states, in pertinent part:
   In computing any period of time, the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days.