**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT A. SCOTT, JR.,

      Petitioner-Appellant,

v.

MICHAEL J. MURPHY, Warden,
Wyoming State Penitentiary; STATE
OF WYOMING,

      Respondents-Appellees.

No. 09-8038

(D.C. No. 2:08-CV-00064-ABJ)
(D. Wyoming)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, BRISCOE,** and **HOLMES,** Circuit Judges.

Robert A. Scott, Jr., a state prisoner appearing pro se,[1] seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his 28 U.S.C. § 2254 application for federal habeas relief. Because Scott has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] As he is proceeding pro se, we have construed Scott's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

I

Scott conditionally pled guilty to two counts of aggravated assault, reserving his right to appeal the denial of a motion to dismiss based on his speedy trial rights under Wyoming law. See Wyo. R. Crim. P. 48(b)(2) ("A criminal charge shall be brought to trial within 180 days following arraignment unless continued as provided in this rule."). Scott was sentenced to a term of eight to ten years' imprisonment on the first charge of aggravated assault and a term of five to eight years for the second charge, to be served consecutively.

On direct appeal, Scott raised the single issue he had preserved in his conditional guilty plea: whether Wyoming failed to provide him with a speedy trial under Rule 48(b) of the Wyoming Rules of Criminal Procedure because more than 180 days passed between his arraignment on November 5, 2004 and his guilty plea on June 10, 2005. (Scott did not make a Sixth Amendment speedy trial claim on direct appeal.) The Wyoming Supreme Court rejected Scott's claim of error and affirmed the district court.[2] Scott v. State, 153 P.3d 909, 911 (Wyo.

_____

[2] Specifically, the Wyoming Supreme Court stated:

> The appellant correctly computes that 217 days passed between his first arraignment on November 5, 2004, and his conditional guilty plea on June 10, 2005. The appellant is further correct that May 4, 2005 was 180 days from November 5, 2004. The appellant's speedy trial argument must fail, however, because of two admissions made by the appellant in his brief. First, the appellant admits that ten days must be tolled on the speedy trial

(continued...)

2

2007). The Wyoming Supreme Court denied Scott's subsequent request for rehearing. Scott then motioned for post-conviction collateral relief from the Wyoming state courts, which was denied.

Before the federal district court, Scott raised three issues relating to his speedy trial right: (1) "[w]hether the State of Wyoming adopted Procedural Mechanism for enforcing the Constitutional Speedy trial right," ROA, App'x at 7; (2) "[w]hether the District Court failed to extend prior time for Speedy trial," id. at 8; and (3) "[w]hether the Public Defenders office failed to provide adequate representation," id. at 9. The district court denied Scott's petition. Scott has since filed a timely notice of appeal, as well as an application for a COA.

---

[2](...continued)
> clock because the appellant initially pled guilty by reason of mental illness or defect according to W. R. Cr. P. 48(b)(3)(A), therefore the 180 day speedy trial clock lapsed on May 14, 2005. Next, the appellant acknowledges that the delay from May 16 until his guilty plea on June 10 was due to a change of his counsel, which delay tolled the computation of time under W. R. Cr. P. 48(b)(3)(D); . . .
>
> In the instant case, May 14, 2005 fell on a Saturday, therefore, the State had until the following Monday, May 16, to bring the appellant to trial. As admitted by the appellant, however, he required a continuance of the May 16 trial date in order to change counsel and that continuance tolled the time under Rule 48. Due to this continuance, his trial was reset to begin on June 13; however, he lost his motion to dismiss on June 10 and he pled guilty later that day.

Scott, 153 P.3d at 911.

3

## II

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

## III

Scott seeks a COA with respect to the three issues raised in his federal habeas petition.  For the reasons that follow, we conclude that he has failed to satisfy the standards for issuance of a COA with respect to any of these issues.

Scott's first and second grounds for relief are focused solely on violations of state law, which, as the district court recognized, cannot form the basis for federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the

4

United States.").  Because Scott's claims involve purely matters of state law, they cannot serve as grounds for federal habeas relief.

A petitioner may be entitled to habeas relief, however, if he shows that the alleged violations of state law resulted in a denial of due process.  Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).  After examining the record on appeal, we agree with the district court's determination that Scott has not demonstrated that his due process rights were violated by a Sixth Amendment speedy trial violation. See Barker v. Wingo, 407 U.S. 514, 530 (1972) (setting forth a balancing test for approaching Sixth Amendment speedy trial cases, with four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant," and noting that the length of delay must be presumptively prejudicial); see, e.g., Harvey v. Shillinger, 76 F.3d 1528, 1533 (10th Cir. 1996) (listing Tenth Circuit cases finding delays of up to eight months not presumptively prejudicial).  Scott has not shown, by clearly established Supreme Court precedent, that Wyoming's decision on direct appeal resulted in any fundamental unfairness or otherwise denied him due process of law.  We therefore find that no reasonable jurist could debate the district court's resolution of Scott's first two claims.

Scott's final ground for relief arguably states a claim for ineffective

assistance of counsel.[3]  Scott claimed that his trial counsel "failed to keep track of his 180 days" and failed to notify him "that a continuance would be needed and that his signature would be needed."  ROA, App'x at 9.  Claims of ineffective assistance of counsel are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984).  To support such a claim, a defendant must show that his attorney's performance "'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in prejudice."  Lucero v. Kerby, 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 688, 691-92).  As the district court found, however, and as we note above, there is no colorable claim of a Sixth Amendment speedy trial violation, and therefore there is no objectively unreasonable performance by Scott's counsel.

IV

After carefully reviewing Scott's appellate pleadings and the record on appeal, we conclude he has failed to establish that "reasonable jurists could

---

[3]  It is not clear that Scott makes this claim, because the substance of Scott's brief speaks entirely to the Wyoming courts' application of Rule 48 of the Wyoming Rules of Criminal Procedure and not to his trial counsel's performance. Because of his pro se status, however, we will construe Scott's pleadings liberally and evaluate an ineffective assistance of counsel claim.

It is also unclear that Scott has exhausted an ineffective assistance of counsel claim before the Wyoming courts.  Nevertheless, we can deny Scott's claim on the merits without requiring proof of exhaustion.  See 28 U.S.C. § 2254(b)(2) (permitting a federal court to deny relief on the merits of an unexhausted claim).

6

debate whether" his habeas petition "should have been resolved in a different manner or . . . w[as] adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations omitted).

We therefore DENY Scott's request for a COA and DISMISS the matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge