# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 5

OCTOBER TERM, A.D. 2019

January 10, 2020

LUIS ANTONIO FLORES-GOMEZ,

Appellant
(Defendant),

v.

S-19-0100

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

Office of the Public Defender: Diane M. Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Benjamin E. Fischer, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN**, Justice.

[¶1]    A jury convicted Luis Antonio Flores-Gomez of first-degree sexual abuse of a minor.  On appeal, he argues that he was denied a speedy trial under W.R.Cr.P. 48.  We affirm.

*ISSUE*

[¶2]    We rephrase the sole issue on appeal as whether Mr. Flores-Gomez was denied his right to a speedy trial under W.R.Cr.P. 48.

*FACTS*

[¶3]    In February 2018, the State charged Mr. Flores-Gomez with one count of first-degree sexual abuse of a minor, in violation of Wyoming Statute § 6-2-314(a)(ii).  The State alleged that, between August and November 2016, he inflicted sexual intrusion on the victim when he was eighteen years of age or older, the victim was less than eighteen, and he was the victim's legal guardian or an individual specified in § 6-4-402 (the incest statute).  Given the issue on appeal, it is unnecessary to recount the underlying facts of the offense.

[¶4]    A court-appointed public defender entered his appearance on behalf of Mr. Flores-Gomez in the circuit court and demanded a speedy trial under W.R.Cr.P. 48, the Wyoming Constitution, and the United States Constitution.  The circuit court held a preliminary hearing and bound the case over to the district court for arraignment and further proceedings.  Defense counsel filed a similar request for speedy trial in the district court.

[¶5]    On April 9, 2018, the district court arraigned Mr. Flores-Gomez, starting the 180-day speedy trial clock under W.R.Cr.P. 48.  The court scheduled trial to begin the week of August 6, 2018.  At the pretrial conference in early July, the court discussed various matters with the parties and decided to set aside five days for trial.  Defense counsel requested additional time to consider the State's plea offer due to a language barrier between himself and Mr. Flores-Gomez.  The court agreed to keep the plea date open but asked defense counsel to address the matter "sooner than later" because they would need multiple translators for trial, and it would be difficult to schedule them without advance notice.

[¶6]    When the court subsequently moved the trial to October 1, Mr. Flores-Gomez, through counsel, moved to vacate and reset the trial due to a scheduling conflict.  In the motion, defense counsel informed the court that he had "to attend the annual Public Defender Conference for continued legal education and training from October 3rd through

1

the 5th[.]" Defense counsel further informed the court that Mr. Flores-Gomez was "not willing to waive speedy trial" and identified his speedy trial deadline as October 6.[1]

[¶7]   The court held a hearing on the motion at the end of August where it candidly acknowledged that it did not "know what to do" about the motion and speedy trial deadline.[2]   Addressing the procedural history of the case to create a record of the proceedings thus far, the court explained that it had originally scheduled a five-day trial for August, but the case did not go forward for various reasons; then, the court had scheduled the five-day trial (with two translators) to begin on October 1.  When the court asked for his input, defense counsel informed the court that he did not know what to do either.  He noted that, on one hand, Mr. Flores-Gomez did not want to waive his right to a speedy trial.  But, on the other hand, defense counsel needed to attend the conference to fulfill his continuing legal education requirement for the year.  Defense counsel informed the court that if it ruled that he could not attend the conference, then he would contact his supervisor about other training options.  The State acknowledged the conundrum but took no position on its resolution.  The court ultimately decided "to take another look at it and see if there's someplace that [it could] move this within a very narrow time frame, that would not unduly prejudice the defendant in this case, that may go a little beyond the 180 days."  The court stated that it understood that Mr. Flores-Gomez did not want to waive speedy trial but then explained that it was "almost impossible" to schedule translators and this was the best it could do under the circumstances.

[¶8]   Shortly after the hearing, the court issued an "Order Vacating and Resetting Jury Trial," which noted that the matter came to its attention on Mr. Flores-Gomez's written motion.  Finding good cause for his request, the court rescheduled trial for October 15.  The case proceeded to trial as scheduled and the jury found Mr. Flores-Gomez guilty.  The court sentenced him to nine to fifteen years, with credit for time served.  He timely appealed.

*STANDARD OF REVIEW*

[¶9]   "We review speedy trial claims *de novo*."  *Webb v. State*, 2017 WY 108, ¶ 8, 401 P.3d 914, 920 (Wyo. 2017) (citing *Rhodes v. State*, 2015 WY 60, ¶ 9, 348 P.3d 404, 407 (Wyo. 2015)).

---

[1] The 180th day after arraignment, October 6, 2018, fell on a Saturday.  "[A] speedy trial clock cannot lapse on a weekend or holiday and, where the 180th day falls on a Saturday, Sunday, or legal holiday, W.R.Cr.P. 45(a) applies and the State has until the following business day to bring an appellant to trial or dismiss the case."  *Scott v. State*, 2007 WY 41, ¶ 9, 153 P.3d 909, 911 (Wyo. 2007).  Accordingly, the State had until Monday, October 8, 2018, to bring Mr. Flores-Gomez to trial.  While Monday was Columbus Day, W.R.Cr.P. 45(a) does not list Columbus Day as a "legal holiday."  W.R.Cr.P. 45(a) (LexisNexis 2019).

[2] The court issued an order scheduling the motion for a hearing but then referred to the proceeding as a "status conference."  The transcript similarly refers to the hearing as a "status conference."  It is clear from the record that the court held the proceeding to address Mr. Flores-Gomez's motion.

*DISCUSSION*

[¶10] "W.R.Cr.P. 48(b) is a procedural mechanism for enforcing a defendant's constitutional right to a speedy trial, and compliance with the rule is mandatory." *Castellanos v. State*, 2016 WY 11, ¶ 49, 366 P.3d 1279, 1294–95 (Wyo. 2016) (citing *Dean v. State*, 2003 WY 128, ¶¶ 50–52, 77 P.3d 692, 706 (Wyo. 2003); *Taylor v. State*, 2001 WY 13, ¶ 8, 17 P.3d 715, 718 (Wyo. 2001)). The rule states that "[a] criminal charge shall be brought to trial within 180 days following arraignment unless continued as provided in this rule." W.R.Cr.P. 48(b)(2). "Calculating the 180-day provision of Rule 48 is a simple matter of arithmetic, beginning with arraignment and ending with commencement of trial, excluding any time periods specified in the rule." *Ortiz v. State*, 2014 WY 60, ¶ 33, 326 P.3d 883, 892 (Wyo. 2014) (citation omitted).

[¶11] There is no dispute that Mr. Flores-Gomez's trial was not held within 180 days of his arraignment. His arraignment occurred on April 9, 2018, and his trial commenced 190 days later, on October 15, 2018. The issue before us is whether the district court properly continued the trial beyond the express 180-day mandate of W.R.Cr.P. 48(b). "Rule 48(b) specifies two categories of time that do not count toward the 180-day limit," one of which is "those periods that resulted from a continuance in compliance with subsection (b)(4)." *Castellanos*, ¶ 51, 366 P.3d at 1295. Subsection (b)(4)(A) authorizes the court to grant a continuance exceeding 180 days from the date of arraignment "[o]n motion of defendant supported by affidavit." W.R.Cr.P. 48(b)(4)(A). We conclude that the court properly granted a continuance under this provision even though Mr. Flores-Gomez did not agree to a continuance and the motion was not supported by a written affidavit.

### A. On motion of defendant

[¶12] We have never squarely addressed whether a motion to continue under W.R.Cr.P. 48 may be attributed to the defendant when he objected to the continuance his counsel requested. Mr. Flores-Gomez's suggestion that we held in his favor in *Berry v. State* is therefore misplaced. In *Berry*, we concluded that the district court properly granted a five-month continuance on the defendant's motion under W.R.Cr.P. 48(b)(4)(A). *Berry v. State*, 2004 WY 81, ¶ 29, 93 P.3d 222, 230 (Wyo. 2004). After reaching that conclusion, we additionally noted that the court had granted the motion with "Mr. Berry's express consent, the parties' knowledge that the 180 days were about up and the next available trial date was uncertain, and an express directive to defense counsel to keep the court apprised as to his readiness for trial." *Id.* While we acknowledged that Mr. Berry's consent to the continuance was a fact that supported our conclusion, we did not state or imply that the defendant's express consent is required for a court to grant a continuance under the rule. *Id.* We therefore look to other courts and judicial principles for guidance.

[¶13] After surveying the law on this issue, we conclude that defense counsel's motion to continue should be attributed to the defendant under W.R.Cr.P. 48 even though the

defendant objected to the continuance. Attributing such motion to the defendant is consistent with the delineation of authority between counsel and the defendant in criminal proceedings, where some decisions are left to defense counsel while others are reserved solely for the defendant.

[¶14] "Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" *McCoy v. Louisiana*, — U.S. —, 138 S.Ct. 1500, 1508, 200 L.Ed.2d 821, 830 (2018) (quoting *Gonzalez v. United States*, 553 U.S. 242, 248, 128 S.Ct. 1765, 1769, 170 L.Ed.2d 616, 624 (2008) (internal quotation marks and citations omitted)). Defense counsel "undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." *Siler v. State*, 2005 WY 73, ¶ 33, 115 P.3d 14, 31 (Wyo. 2005) (quoting *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 560, 160 L.Ed.2d 565, 578 (2004)). "That obligation, however, does not require counsel to obtain the defendant's consent to 'every tactical decision.'" *Id.* (quoting *Nixon*, 543 U.S. at 187, 125 S.Ct. at 560); *Taylor v. Illinois*, 484 U.S. 400, 417–18, 108 S.Ct. 646, 657, 98 L.Ed.2d 798, 816 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval). In the course of addressing waiver of the right to speedy trial under the Interstate Agreement on Detainers, the United States Supreme Court has noted that "[s]cheduling matters are plainly among those for which agreement by counsel generally controls." *New York v. Hill*, 528 U.S. 110, 115, 120 S.Ct. 659, 664, 145 L.Ed.2d 560, 567 (2000).

[¶15] In contrast, decisions about "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal" are reserved for the defendant. *McCoy*, — U.S. — , 138 S.Ct. at 1508 (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 993 (1983)); *see also* Wyoming Rules of Professional Conduct, Rule 1.2(a) (recognizing that "[i]n a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify."). "Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action." *Siler*, ¶ 33, 115 P.3d at 31 (quoting *Nixon*, 543 U.S. at 187, 125 S.Ct. at 560). Whether to request a continuance is not a decision solely reserved for the defendant.

[¶16] Attributing a motion to continue to the defendant is also consistent with decisions from other courts evaluating whether the defendant has been denied the right to a speedy trial under the Sixth Amendment to United States Constitution. These cases are particularly instructive because the constitutional factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to evaluate such matters "provide the underpinnings" of W.R.Cr.P. 48. *Hall v. State*, 911 P.2d 1364, 1370 (Wyo. 1996). "The *Barker* test requires balancing (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant." *Ortiz*, ¶ 39,

4

326 P.3d at 893 (citations omitted). The second factor "examines which party was responsible for the delay." *Id.* ¶ 42, 326 P.3d at 893 (citation omitted). "Delays caused by a defendant, such as requests for continuances, changes in defense counsel, and defendant filed pre-trial motions, may disentitle a defendant to speedy trial safeguards." *Webb*, ¶ 17, 401 P.3d at 922 (citation omitted).

[¶17]  Many courts attribute delay to the defendant under the second *Barker* factor where defense counsel obtained a continuance over the defendant's objection. *See, e.g., State v. Ollivier*, 178 Wash. 2d 813, 834, 312 P.3d 1, 14 (Wash. 2013) (collecting cases from the Sixth Circuit Court of Appeals, federal district courts in California and Ohio, and state courts in Kansas, Florida, Missouri, and California, which have held "that even where continuances are sought over the defendant's objection, delay caused by the defendant's counsel is charged against the defendant under the *Barker* balancing test if the continuances were sought in order to provide professional assistance in the defendant's interests"); *see also* 7A C.J.S. *Attorney & Client* § 306 (Dec. 2019 Update) (noting that "an accused has been found bound by a continuance obtained by his or her attorney not only where the accused acquiesced in the delay but also where his or her attorney obtained the continuance without the accused's knowledge or consent, or over his or her objection, or even not in his or her presence, at least as long as counsel is acting competently in the client's best interest.") (footnotes omitted).

[¶18]  Although we conclude that it is appropriate to attribute a motion to continue to the defendant under W.R.Cr.P. 48 even where the defendant objects to a continuance, we caution defense counsel to exercise their authority carefully, as the guarantee of a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 630 (1966).[3]

### B.    Supported by affidavit

[¶19]  We further conclude that while the motion to continue was not "supported by affidavit," the motion was otherwise supported, and the purpose of the affidavit requirement was fully satisfied in this case.

> [A]n "affidavit" is "a sworn statement in writing made esp[ecially] under oath or on affirmation before an authorized magistrate or officer[.]" *Webster's Third New International Dictionary* at 35 . . . *Black's Law Dictionary* at 58 contains a

---

[3] This decision applies only to a motion to continue under W.R.Cr.P. 48. We do not reach the more controversial question of whether defense counsel may waive a defendant's speedy trial right over the defendant's objection.

similar definition: "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths."

*Cantrell v. Sweetwater Cty. Sch. Dist. No. 2*, 2006 WY 57, ¶ 10, 133 P.3d 983, 986 (Wyo. 2006); *see also State ex rel. Hopkinson v. Dist. Court, Teton Cty.*, 696 P.2d 54, 62 (Wyo. 1985) (An "affidavit" is generally defined as "a written statement in the name of a person called the affiant or deponent, by whom it is voluntarily signed and sworn to or affirmed before an officer authorized to administer an oath."). "There are two types of affidavits, those based on personal knowledge and those based on information and belief." 2A C.J.S. *Affidavits* § 48 (Dec. 2019 Update) (footnote omitted).

[¶20] In the motion to continue, defense counsel set forth facts within his personal knowledge: details regarding his mandatory training conference and Mr. Flores-Gomez's desire not to waive his speedy trial right. Defense counsel's signature on the motion "constitute[d] a certificate by him that he ha[d] read the . . . motion" and "that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it [was] well grounded in fact[.]" Wyoming Rules of Professional Conduct, Rule 3.1(b). Defense counsel subsequently appeared before the district court judge—who is authorized to administer oaths—for a hearing on the motion where he had a duty of candor to the court. Wyo. Stat. Ann. § 1-2-102(a)(ii) (LexisNexis 2019); Wyoming Rules of Professional Conduct, Rule 3.3(a)(1) ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal"). The district court had the opportunity to question defense counsel and Mr. Flores-Gomez at that time. The substantive requirements for an affidavit were therefore fulfilled. To conclude otherwise would put form over substance.

[¶21] Because the district court continued the trial to October 15, 2018, pursuant to W.R.Cr.P. 48(b)(4)(A), the ten-day continuance does not count toward the 180-day limit and Mr. Flores-Gomez was not denied his right to a speedy trial.

[¶22] Affirmed.