

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00022-CR

_____

ALLISON KURBY SMITH, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 3
Denton County, Texas
Trial Court No. CR-2021-08708-C

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Allison Kurby Smith appeals her conviction for driving while intoxicated (DWI) with an alcohol-concentration level of 0.15 or more. *See* Tex. Penal Code Ann. § 49.04(d). In a single issue, Smith argues that she received ineffective assistance of counsel. Specifically, she asserts that her trial counsel was deficient for failing to object to the admission of her blood-test results because the blood draw did not comply with Transportation Code Section 724.017. *See* Tex. Transp. Code Ann. § 724.017. We affirm.

## II. BACKGROUND

Shortly after midnight on May 26, 2020, Devin White, a DJ and social media consultant who was doing work for a bar called Dirty Dick's, was walking along Fry Street in Denton when he heard a car that he had seen attempting to exit a parking lot collide with an unoccupied, parked vehicle. White turned around and saw a blonde, Caucasian female dressed in white get out of the car and start yelling. White then went to search for the owner of the parked vehicle.

White eventually located the parked vehicle's owner, Garrett Barton, and the two men returned to the parking lot together. When White and Barton arrived back at the parking lot, no one was around, but the car that had hit Barton's vehicle was parked with the windows down and a purse sitting inside. Shortly thereafter, Smith, who matched the description of the woman White had seen getting out of the car and

yelling after the collision, approached the two men. She appeared to be intoxicated. Although she did not admit to driving the car, she offered to pay for the damage to Barton's vehicle. Because Smith did not have identification or proof of insurance on her, Barton called 911.

Denton police officer Yancy Green responded to the 911 call and conducted a DWI investigation. Smith slurred her words, struggled to recite the alphabet, had difficulty maintaining her balance, and failed to perform all of the standard field sobriety tests.

Because Smith did not consent to provide a blood sample, Officer Green obtained a search warrant. Smith's blood was drawn in a hospital room by Anissa Lahr, a trained phlebotomist with nearly twenty years of experience. The entire blood draw was recorded on Officer Green's body camera. Testing of Smith's blood sample reflected an alcohol-concentration level of 0.164 grams of alcohol per 100 milliliters of blood.

Ultimately, Smith was charged with DWI with an alcohol-concentration level of 0.15 or more, a Class A misdemeanor. *See* Tex. Penal Code Ann. § 49.04(d). After a jury found her guilty, the trial court sentenced her to 365 days in jail and fined her $500, probating the sentence and placing her on community supervision for twenty-four months. This appeal followed.

## III. DISCUSSION

Smith asserts that she was deprived of her right to the effective assistance of counsel when her trial counsel failed to object to the admission of her blood-test results on the ground that her blood sample was obtained in violation of Transportation Code Section 724.017. *See* Tex. Transp. Code Ann. § 724.017. This argument is meritless.

### A. Applicable Law

To establish ineffective assistance, an appellant must prove by a preponderance of the evidence both that her counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017); *see Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). We need not address both parts of the *Strickland* test if the appellant makes an insufficient showing of one component. 466 U.S. at 697, 104 S. Ct. at 2069.

An appellant claiming ineffective assistance of counsel at trial must identify counsel's allegedly erroneous acts and omissions. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper v. State*, 333 S.W.3d 859, 867 (Tex. App.—Fort Worth 2010, pet. ref'd). The appellate court then determines whether, in light of all the circumstances, these identified acts or omissions were outside the wide range of what constitutes competent assistance. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper*, 333 S.W.3d at 867. An attorney's isolated acts or omissions generally do not

4

constitute deficient performance. *See, e.g., Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). However, an egregious error may satisfy both parts of the *Strickland* test on its own. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

Furthermore, the record must affirmatively demonstrate that the ineffective-assistance claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show why counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If, as here,[1] trial counsel did not have that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

"Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary

---

[1]Smith did not file a motion for new trial.

5

objections to raise, and what agreements to conclude regarding the admission of evidence.'" *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018) (quoting *Gonzalez v. United States*, 553 U.S. 242, 248, 128 S. Ct. 1765, 1769 (2008)).  Generally, a record devoid of counsel's reasoning behind a particular decision—including failure to object to or proffer evidence—will not show deficient performance.  *See Prine*, 537 S.W.3d at 117; *Lopez*, 343 S.W.3d at 143–44.

## B. Analysis

When an appellant alleges deficient performance based on her trial counsel's failure to object, she must show that the trial court would have erred by overruling that objection.  *See Prine*, 537 S.W.3d at 117–18 (first citing *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); and then citing *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002)).  Smith cannot make this showing.

Smith contends that her trial counsel should have objected to the admission of her blood-test results because Lahr, the phlebotomist who drew her blood, was not a "qualified technician" for purposes of Transportation Code Section 724.017(a).  *See* Tex. Transp. Code Ann. § 724.017(a).  However, Transportation Code Section 724.017(a) does not control when—as here—there is a warrant to draw blood.[2]

---

[2]Because Smith's blood was drawn pursuant to a search warrant, the proper inquiry is whether the blood draw complied with Fourth Amendment reasonableness principles, not whether it complied with Transportation Code Section 724.017(a).  *See Kury v. State*, No. 02-19-00417-CR, 2021 WL 1800180, at *5 (Tex. App.—Fort Worth May 6, 2021, no pet.) (mem. op., not designated for publication) (first citing *Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 1834 (1966); and then citing *Pacheco v.*

6

*Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *accord State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011) (recognizing prior holding that "Chapter 724 is inapplicable when there is a warrant to draw blood"); *see also State v. Morales*, No. 08-20-00021-CR, 2022 WL 1446836, at *4 (Tex. App.—El Paso May 6, 2022, no pet.) (not designated for publication) (reversing trial court's order suppressing defendant's blood-test results in DWI case on the grounds that, inter alia, "the trial court erred by applying Chapter 724 . . . because the arresting trooper obtained a search warrant before drawing [the defendant's] blood"). This alone is sufficient to defeat Smith's ineffective-assistance-of-counsel argument.

But even if we were to assume that Chapter 724 governed, Smith still could not satisfy her burden. Smith's argument is premised on her contention that Lahr is not a "qualified technician" for purposes of Transportation Code Section 724.017(a). Although Lahr does not hold any licenses or certifications, she testified that she was

---

*State*, 347 S.W.3d 849, 853 (Tex. App.—Fort Worth 2011, no pet.)). Thus, setting aside the justification for the warrant (which Smith does not challenge), we note that the relevant threshold question for her ineffective-assistance argument is whether the trial court would have erred by overruling an objection to the admission of Smith's blood-test results on the grounds that the police did not employ reasonable means and reasonable procedures in taking the blood. *See id.* (citing *State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011)). However, nothing in the record suggests that the manner in which the blood draw was performed threatened Smith's safety or health, caused her trauma or pain, endangered her life or health, or created a level of intrusiveness greater than a typical blood draw. *See id.* at *6 (citing *Siddiq v. State*, 502 S.W.3d 387, 403 (Tex. App.—Fort Worth 2016, no pet.)). Accordingly, even if Smith had properly framed her ineffective-assistance argument, she still could not satisfy her burden to show that the trial court would have erred by overruling her objection to the admission of the blood-test results.

7

trained as a phlebotomist, had worked at the hospital for almost twenty years, and drew blood often (including "legal draws"). She was able to describe the process for a legal draw and testified that she followed that process when drawing Smith's blood.[3] Given Lahr's extensive experience, we cannot conclude that she is not a "qualified technician," much less that the trial court would have abused its discretion by determining otherwise and admitting Smith's blood-test results over her objection. *See Krause v. State*, 405 S.W.3d 82, 85–87 (Tex. Crim. App. 2013) (holding emergency medical technician (EMT) was a "qualified technician" based on her extensive blood-drawing experience, primary duties as a phlebotomist at the hospital, and ability to describe "the procedure used to take blood specimens when directed to do so by police officers in [DWI] cases"); *Torres v. State*, 109 S.W.3d 602, 605 (Tex. App.—Fort Worth 2003, no pet.) (holding phlebotomist was a "qualified technician" despite her lack of formal training because her experience—including having drawn blood thousands of times while working in a hospital for twenty-four years—and her ability to describe blood-draw procedures was sufficient); *see also Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (admonishing that a reviewing court should not reverse a trial court's decision to admit or exclude evidence "unless a clear abuse of discretion is shown").

---

[3]As noted above, the entire blood-draw procedure was recorded on Officer Green's body camera. This recording was played for the jury.

Because Smith cannot show that the trial court would have erred by overruling an objection to the admission of Smith's blood-test results on the ground that the blood draw violated Transportation Code Section 724.017(a), we overrule her sole issue.

## IV. CONCLUSION

Having overruled Smith's sole issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 28, 2023